# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| David J. DiNunzio, | Case No.: 2:21-cv-00995-APG-NJK |
| Petitioner, | **Order** |
| v. | |
| Brian Williams, et al., | |
| Respondents. | |

On May 25, 2021, I denied petitioner David J. DiNunzio's motion to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus. ECF No. 3. He paid the required fee. ECF No. 6. I have reviewed the petition under Habeas Rule 4, and I will have it filed and served upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If DiNunzio is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

DiNunzio also filed a motion for the appointment of counsel. Under 18 U.S.C. § 3006A(a)(2)(B), I have discretion to appoint counsel when I determine that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). While the decision to appoint counsel is generally

discretionary, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). DiNunzio's petition is sufficiently clear in presenting the issues that he wishes to bring. Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted. DiNunzio's motion for the appointment of counsel is denied.

I THEREFORE ORDER the Clerk to FILE the petition for writ of habeas corpus (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2). The Clerk shall also ELECTRONICALLY SERVE the petition and a copy of this order on the respondents.

I FURTHER ORDER the Clerk to add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for the respondents.

I FURTHER ORDER that the respondents shall have **until August 5, 2021** to appear in this action, and to answer or otherwise respond to the petition.

I FURTHER ORDER that if the respondents file an answer, DiNunzio shall have 60 days from the date on which the answer is served on him to file and serve a reply. If the respondents file a motion to dismiss, DiNunzio shall have 60 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and the respondents shall thereafter have 30 days to file a reply in support of the motion.

I FURTHER ORDER that any additional state court record exhibits filed by either DiNunzio or the respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the

number or numbers of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

I FURTHER ORDER that DiNunzio's motion for appointment of counsel is DENIED.

Dated: June 4, 2021

_____
U.S. District Judge Andrew P. Gordon