UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David J. DiNunzio, | Case No.: 2:21-cv-00995-APG-NJK |
| Petitioner, | **Order** |
| v. | |
| Brian Williams, et al., | |
| Respondents. | |

The respondents filed a motion to dismiss and petitioner David DiNunzio filed a series of subsequent motions. The respondents argue that DiNunzio has failed to exhaust state court remedies for one of the two grounds for relief in his habeas petition. DiNunzio asks for leave to amend his petition and for appointment of counsel. I deny all the pending motions.

I. PROCEDURAL BACKGROUND[1]

Having been charged with murder and robbery in the Eighth Judicial District Court for Clark County, Nevada, DiNunzio entered a negotiated plea of guilty to second-degree murder. He was sentenced to 10-years-to-life. DiNunzio appealed.

The Nevada Court of Appeals affirmed the judgment of conviction. DiNunzio initiated state post-conviction proceedings in March 2019. After holding an evidentiary hearing on DiNunzio's claims, the state district court denied relief. DiNunzio appealed and the Nevada Court of Appeals affirmed.

---

[1] This section is based on the exhibits filed at ECF Nos. 20/21.

In May 2021, this court received DiNunzio's federal habeas petition with a motion for leave to proceed *in forma pauperis* that the court subsequently denied. ECF No. 1. Upon payment of the filing fee, the court ordered the Clerk of Court to serve the petition on the respondents. ECF No. 7.

After the respondents filed their reply in support of their motion to dismiss, DiNunzio filed a motion to file an additional exhibit (ECF No. 27), a motion for leave to amend (ECF No. 29), a motion for appointment of counsel (ECF No. 30), and a renewed motion for leave to amend (ECF No. 32).

## II.  DISCUSSION

### A.  *The Exhaustion Requirement*

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a "fair opportunity" to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001).

/ / / /

B. *DeNunzio exhausted Ground 1.*

In Ground 1, DiNunzio alleges that his sentence violates his constitutional right to an impartial or unbiased judge. ECF No. 8 at 3-5. The claim is premised on comments the trial judge made at DiNunzio's sentencing hearing. In their motion to dismiss, the respondents argue that DiNunzio failed to exhaust the claim because, in presenting his judicial bias claim on direct appeal, he failed to allege a federal constitutional violation. In his response to the motion, DiNunzio does not specifically address this argument but asserts that "to dismiss [the claim] for technicality [sic] or procedural errors would be unfair because I was not appointed counsel in order to avoid those type of errors." ECF No. 25 at 8.

The respondents are correct that DiNunzio did not allege a federal constitutional violation in claiming on direct appeal that his sentence was tainted by judicial bias. *See* ECF No. 20-26. However, he raised his judicial bias claim in his state post-conviction proceeding. ECF No. 21-3 at 11 and ECF No. 21-24 at 7-8. In that proceeding, he alleged a violation of his constitutional rights and cited to the Supreme Court of Nevada's decision in *Martinez v. State*, 961 P.2d 143, 145 (Nev. 1998), which applied the Eighth Amendment requirement that defendants "be sentenced individually, taking into account the individual, as well as the charged crime." *Id*. The Nevada Court of Appeals ruled that the claim was barred under the law-of-the-case doctrine. ECF No. 21-28 at 4.

The Ninth Circuit has held that citation to state case law that applies federal constitutional principles is sufficient to establish exhaustion. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). Thus, while the respondents are correct that DiNunzio did not exhaust Ground 1 in his direct appeal, he did exhaust the claim in his state post-conviction proceeding. And although the Nevada Court of Appeals found the claim barred, the respondents have not

pled, much less demonstrated, that the law-of-the-case doctrine is adequate to bar federal court review. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) (explaining the pleading and burden of proof principles for a procedural default defense).

### C. DiNunzio's motions

A month after the respondents filed their reply in support of their motion to dismiss, DiNunzio filed a motion asking "to file one additional exhibit." ECF No.27. In response to the motion, the respondents correctly pointed out that DiNunzio's proposed "exhibit" consists of "supplementary facts and legal argument pertaining to his claim in Ground 1" and that "DiNunzio appears to be moving this Court to allow him to amend his petition." ECF No. 28 at 2.

Rather than file a reply in support of his motion, DiNunzio filed a motion for leave to amend his petition. ECF No. 29. In response to that motion, the respondents argued, in part, that DiNunzio failed to comply with Local Rule, LR 15-1(a), which requires the movant to attach the proposed amended pleading to a motion for leave to amend. ECF No. 31 at 3-4. DiNunzio then filed another motion for leave to amend attaching a proposed amended petition. ECF No. 32.

With all three motions, DiNunzio is merely attempting to supplement Ground 1 with additional legal argument and factual allegations. As noted above, Ground 1 is based on comments made by the trial judge during DiNunzio's sentencing hearing. The factual allegations supporting Ground 1 are sufficiently stated in DiNunzio's initial petition. With or without DiNunzio's proposed amendment, my consideration of Ground 1 will include all remarks made by the trial judge at the sentencing hearing, a transcript of which is part of the record in this case. *See* ECF No. 20-19. In addition, any legal argument DiNunzio wishes to make should be reserved for his reply to the respondents' answer. Consequently, DiNunzio's proposed

amendments are unnecessary so his motions seeking to amend his petition (ECF Nos. 27, 29, 32) are denied on that basis.

Finally, DiNunzio filed a motion for appointment of counsel. ECF No. 30.  This is DiNunzio's fourth motion asking me to appoint counsel. *See* ECF Nos. 9, 13, 23.  Once again, I recognize that DiNunzio, like most habeas petitioners, lacks legal training and resources.  But his renewed motion for appointment of counsel does not provide grounds for me to alter my prior decisions.

IV.  CONCLUSION

I THEREFORE ORDER that the respondents' motion to dismiss (ECF No. 19) is DENIED.

I FURTHER ORDER that DiNunzio's motions asking to amend his petition (ECF Nos. 27, 29, 32) and for appointment of counsel (ECF No. 30) are also DENIED.

I FURTHER ORDER that the respondents have until **November 4, 2022** to file their answer to DiNunzio's petition.  In all other respects, my order of June 4, 2021 (ECF No. 7) continues to govern these proceedings.

Dated: August 28, 2022

_____
U.S. District Judge Andrew P. Gordon